IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-871-D

| | | |
|---|---|---|
| CARL J. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case comes before the court on the motion (D.E. 36) to alter or amend the judgment by ("plaintiff") pursuant to Federal Rule of Civil Procedure 59(e). The motion has been fully briefed[1] and was referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* D.E. 41). For the reasons set forth below, it will be recommended that the motion be denied.

On 24 December 2013, plaintiff commenced proceedings in this court pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of defendant Acting Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") on the grounds that he was not disabled. (*See In Forma Pauperis* ("IFP") Motion (D.E. 1); Order Denying IFP Mot. (D.E. 4); Compl. (D.E. 5)). Adopting the undersigned's memorandum and recommendation (D.E. 32), on 27 January 2015, the presiding district judge denied plaintiff's motion (D.E. 27) for judgment on the pleadings, allowed the Commissioner's motion (D.E. 29) for judgment on the pleadings, and affirmed the final decision

---

[1] Plaintiff filed a supporting memorandum (D.E. 37), and defendant an opposing memorandum (D.E. 38).

of the Commissioner. (27 Jan. 2015 Order (D.E. 34)). On the same day, judgment was entered, and this case was closed. (D.E. 35).

By his instant motion, filed on 26 March 2015, plaintiff seeks to alter or amend the judgment pursuant to Rule 59(e) on the grounds that, since the entry of judgment in this case, the Fourth Circuit Court of Appeals has issued a decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015) that constitutes an intervening change in controlling law. *See Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (setting out the three grounds for amending an earlier judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice"). The court need not address the merits of plaintiff's motion because it is untimely filed.

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Furthermore, under Rule 6(b)(2), the time period for filing a motion to alter or amend a judgment cannot be enlarged. Specifically, Rule 6(b)(2) provides that "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2). Because plaintiff's motion was filed well–*i.e.,* 30 days–beyond the 28-day time period provided in Rule 59(e), it is untimely and should be denied. *See Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001) ("[Rule 59(e)] provide[s] the district court with no authority to extend the filing period."); *see also United States v. Brightman*, 408 Fed. Appx. 746, 748 (4th Cir. 2011) ("Though the district court entertained the [Rule 59(e)] motion despite noting that it was filed twenty-five days after the rule's deadline, the court was without power to do so.").

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 36) to alter or amend the judgment be DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 8 October 2015 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after the filing of objections.

This 24th day of September 2015.

James E. Gates
United States Magistrate Judge