IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-871-D

| | |
|---|---|
| CARL J. BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On January 27, 2015, this court adopted Magistrate Judge Gates's December 16, 2014 Memorandum and Recommendation ("2014 M&R") to grant judgment on the pleadings to the defendant. See [D.E. 34, 35]; 2014 M&R [D.E. 32]. Plaintiff now seeks to alter or amend the judgment [D.E. 36, 37], and the government responded in opposition [D.E. 38]. On May 29, 2015, the court referred plaintiff's motion to alter or amend to Magistrate Judge Gates for a second Memorandum and Recommendation [D.E. 41]. On September 24, 2015, Magistrate Judge Gates issued a Memorandum and Recommendation ("2015 M&R") [D.E. 42] recommending that the court deny plaintiff's motion to alter or amend the judgment [D.E. 36]. On October 8, 2015, plaintiff filed objections to the M&R [D.E. 43].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the 2014 M&R and the 2015 M&R, the record, and plaintiff's objections. As for those portions of the 2015 M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the 2015 M&R to which plaintiff objected. Although plaintiff originally moved under Federal Rule of Civil Procedure 59(e) [D.E. 36], and Judge Gates properly recommended rejecting the motion as untimely under Rule 59(e) [D.E. 42], plaintiff now seeks relief under Rule 60. See [D.E. 43]; Fed. R. Civ. P. 60(b)(6). In support, plaintiff cites Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Unlike in Mascio, however, the ALJ properly conducted a function-by-function analysis of plaintiff's condition. See [D.E. 34]; 2014 M&R 12–13. Accordingly, the court overrules plaintiff's objections.

In sum, the court ADOPTS the findings and recommendations in the 2015 M&R [D.E. 42], OVERRULES plaintiff's objections to the M&R [D.E. 43], DENIES plaintiff's motion to alter or amend the judgment [D.E. 36], and DISMISSES the action. The clerk shall close the case.

SO ORDERED. This 19 day of November 2015.

JAMES C. DEVER III
Chief United States District Judge